IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THEA PATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| v. | ) | No. _____ |
| | ) | |
| ROLLINS, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Thea Patrick ("Ms. Patrick"), by and through undersigned counsel, and files this Complaint for Damages against Rollins, Inc. ("Defendant"), showing the Court as follows:

## INTRODUCTION

1.

During its employment of Ms. Patrick, Defendant violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (the "FLSA"), by failing to pay Ms. Patrick overtime compensation for hours worked in excess of 40 hours per week.

1

2.

As a result of Defendant's FLSA violations, Ms. Patrick is seeking unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the instant action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) and (c) because the acts giving rise to this Complaint occurred within this District, and because Defendant is subject to this Court's personal jurisdiction.

## PARTIES

5.

Rollins, Inc. ("Defendant") is a foreign Corporation, organized under the laws of Delaware, with a principal office address of 2170 Piedmont Road NE, Atlanta, Georgia 30324. Defendant regularly does business in the State of Georgia and may be served through its registered agent, the Prentice-Hall Corp. System, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

6.

At all times material hereto, Defendant was Ms. Patrick's "employer" for purposes of the FLSA.

7.

At all times material hereto, Defendant had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce. Defendant's annual gross volume of sales made or business done was at least $500,000.00 during Ms. Patrick's employment. Thus, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s) of the FLSA.

8.

At all times material hereto, Ms. Patrick was a non-exempt "employee" of Defendant for purposes of the FLSA.

9.

At all times material hereto, Ms. Patrick handled, sold, and/or worked on goods or materials that have been moved in or produced for commerce and was thus engaged in commerce during her employment with Defendant.

## FACTUAL ALLEGATIONS

10.

From August 2009 to November 2014, Ms. Patrick worked for Defendant as an Analyst.

11.

From November 2014 to September 2015, Ms. Patrick worked for Defendant as an HR Generalist.

12.

Throughout her employment with Defendant, Ms. Patrick frequently worked in excess of 40 hours per week.

13.

Although Defendant was aware of the fact that Ms. Patrick regularly worked in excess of 40 hours per week, Defendant paid Ms. Patrick on an annual salary basis and failed to pay Ms. Patrick overtime compensation.

14.

Ms. Patrick did not exercise discretion or independent judgment with respect to matters of significance in either position she held while employed by Defendant.

15.

Ms. Patrick did not manage Defendant, nor did Ms. Patrick ever manage any department or subdivision of Defendant.

16.

Ms. Patrick did not have the ability to hire or fire other employees.

17.

Ms. Patrick did not supervise any other employees, and she had no direct reports.

18.

At all times material hereto, Ms. Patrick was a non-exempt employee for purposes of the FLSA.

19.

Defendant knowingly suffered or permitted Ms. Patrick to work more than 40 hours per week.

20.

Defendant failed to make, keep, and preserve accurate records sufficient to determine the number of hours actually worked by Ms. Patrick.

21.

Defendant has not made a good faith effort to comply with the FLSA with respect to Ms. Patrick.

## COUNT ONE:  VIOLATION OF FLSA (OVERTIME)

22.

Ms. Patrick realleges and incorporates Paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

23.

At all times relevant hereto, Ms. Patrick was a non-exempt employee of Defendant for purposes of the FLSA. Thus, Defendant was obligated to pay Ms. Patrick at least one and one-half times her regular rate for each hour worked in excess of 40 hours per week.

24.

By failing to pay Ms. Patrick overtime compensation in accordance with § 207 of the FLSA, and by failing to make, keep, and preserve accurate records concerning Ms. Patrick's employment, despite knowledge of Ms. Patrick's status as a non-exempt employee, Defendant willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

25.

As a result of Defendant's violations of the FLSA's overtime provisions, Ms. Patrick is entitled to damages, including, without limitation, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to § 216 of the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Patrick prays:

(a)  That Defendant be served with process and required to answer this suit;

(b)  For a trial by a jury;

(c)  For judgment in favor of Ms. Patrick and against Defendant for all damages and relief allowed by law;

(d)  For an award of litigation expenses and costs, including attorneys' fees; and

(e)  For such other and further relief as this Court deems just and proper.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted this 20th day of October, 2015.

                                      **COHAN LAW GROUP, LLC**

                                      */s/ Louis R. Cohan*

                                      LOUIS R. COHAN
                                      Georgia Bar No. 173357
                                      MICHELLE L. WEIN
                                      Georgia Bar No. 385424
                                      *Attorneys for Plaintiff*

3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
mwein@cohanlawgroup.com