# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THEA PATRICK,<br><br>      Plaintiff,<br><br>v.<br><br>ROLLINS, INC.,<br><br>      Defendant. | CIVIL ACTION NO.<br>1:15-cv-03689-AT |

## CONSENT MOTION FOR
## APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff **THEA PATRICK** ("Plaintiff") and Defendant **ROLLINS, INC.** ("Defendant"), jointly file this consent motion for approval of their settlement agreement, requesting that the Court approve the Parties' settlement and direct the Clerk to close the case.  This motion is based upon the Settlement Agreement and Release ("Settlement Agreement") (attached as Exhibit A) and all the files, records, and proceedings herein.  The Parties agree that the settlement set forth in the Settlement Agreement is fair and reasonable and that no hearing before the Court is needed or requested.

## I.     Factual Background

On October 20, 2015, Plaintiff filed her Complaint initiating this lawsuit in which she alleged that Defendant violated the Fair Labor Standards Act ("FLSA"), 209 U.S.C. § 201, *et seq.* by misclassifying her as an exempt employee and not paying her for working more than 40 hours in a week.  Defendant answered the Complaint denying any wrongdoing under the FLSA and asserting that Plaintiff was properly classified as an exempt employee and was not owed any additional compensation.

Through their counsel, the Parties are familiar with the facts of the case and the legal issues raised by the pleadings.  The Parties, through their respective counsel, have engaged in arms-length settlement negotiations to resolve their dispute.  The terms and conditions of settlement reflected in the Settlement Agreement are a product of the Parties' negotiations and represent a reasonable compromise of the disputed issues in this case.

The Parties have reached a settlement to resolve the Plaintiffs' claims for unpaid overtime wages, liquidated damages, and attorney's fees, as outlined in more detail in the proposed Settlement Agreement.

The Parties state and agree that the terms and conditions of settlement set forth in the Settlement Agreement are fair, reasonable, and in the best interest of the Parties.  The Parties have entered into the Settlement Agreement because the Settlement Agreement reflects a reasonable compromise of the Parties' disputed issues and any actual or potential claims.  In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation.

## II. Memorandum of Law in Support of the Motion

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b).  The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945).*  The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the Court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, *3 quoting *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding

of the highest hopes in exchange for certainty and resolution.'" *King,* 2007 WL 737575 *3 (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### III.   Analysis

In her Complaint, Plaintiff alleged that she was misclassified as an exempt employee and was not compensated for all hours worked.  Although Defendant disputed these contentions, the Parties engaged in arms-length settlement negotiations and were able to reach an agreement to resolve this matter through private negotiation between their respective counsel.  (*See* Settlement Agreement; Exhibit A).

In terms of fairness of the Settlement Agreement, Plaintiff's probability of success was uncertain, and even in Plaintiff had succeeded in showing liability, the amount of damages was also uncertain.  Thus, settlement of the action in favor of certainty was a fair and reasonable decision.  The Parties have worked together to reach a settlement that adequately compensates Plaintiff for her alleged unpaid

wages and for her attorney's fees and costs incurred in bringing this lawsuit. Thus, the settlement is a fair and reasonable resolution of a bona fide dispute.

### IV. No Admission of Liability

The Parties are settling disputed claims. The settlement is a compromise of these claims. This settlement is not an admission of liability by Defendant of any violation of the FLSA. Liability is expressly denied by Defendant.

WHEREFORE, Plaintiff and Defendant pray that this Court will enter an Order approving the settlement. A proposed order is attached hereto.

Respectfully submitted this 16th day of December, 2015.

| | |
|---|---|
| */s/ Frederick L. Warren* | */s/ Louis R. Cohan* |
| Frederick L. Warren | Louis R. Cohan |
| Georgia Bar No. 738350 | Georgia Bar No. 173357 |
| rwarren@fordharrison.com | lcohan@cohanlawgroup.com |
| Ford & Harrison LLP | Cohan Law Group, LLC |
| 271 17th Street, NW, Suite 1900 | 3340 Peachtree Road NE |
| Atlanta, Georgia 30363 | Suite 2570 |
| Telephone: (404) 888-3800 | Atlanta, Georgia 30326 |
| Facsimile: (404) 888-3863 | Telephone: (404) 891-1770 |
| | Facsimile: (404) 891-5094 |
| Attorney for Defendant | Attorney for Plaintiff |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THEA PATRICK,<br><br>     **Plaintiff,**<br><br>  v.<br><br>ROLLINS, INC.,<br><br>     **Defendant.** | CIVIL ACTION NO.<br>1:15-cv-03689-AT |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on December 16, 2015, he electronically filed the foregoing CONSENT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT, with the Clerk of Court using the CM/ECF System which will automatically send e-mail notification of such filing to the attorney of record:

Louis R. Cohan
Cohan Law Group, LLC
3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326

*/s/ Frederick L. Warren*
Frederick L. Warren
Georgia Bar No. 738350
rwarren@fordharrison.com
Ford & Harrison LLP
271 17th Street, NW, Suite 1900
Atlanta, Georgia 30363
Phone: (404) 888-3800/Fax: (404) 888-3863
Attorney for Defendant

7